**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7365

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SPENCER BOWENS, a/k/a Melvin McCurdy, a/k/a
Doc Johnson, a/k/a Scooter, a/k/a Clyde,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CR-98-110; CA-02-211-3)

Submitted: February 16, 2006      Decided: February 22, 2006

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Spencer Bowens, Appellant Pro Se. David John Novak, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Spencer Bowens, a federal prisoner, seeks to appeal the district court's order construing his Fed. R. Civ. P. 60(b) motion and alternative request for a writ of coram nobis as an unauthorized successive motion filed under 28 U.S.C. § 2255 (2000), and dismissing for lack of jurisdiction. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); <u>Reid v. Angelone</u>, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Bowens has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Bowens's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. See <u>United States v.</u>

<u>Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Bowens's claims do not satisfy either of these conditions. We therefore deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>